# UNITED STATES DISTRICT COURT

District of _____

| | |
|---|---|
| UNITED STATES OF AMERICA | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| BRIAN FIERRO | Case Number:      2:09-cr-240-RLH-RJJ |
| | USM Number:      44024-048 |

**Date of Original Judgment:**   February 19, 2010

**(Or Date of Last Amended Judgment)**

WILLIAM CARRICO, AFPD
Defendant's Attorney

**Reason for Amendment:**

| | | |
|---|---|---|
| X | Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2)) | ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e)) |
| ☐ | Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b)) | ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1)) |
| ☐ | Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a)) | ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2)) |
| ☐ | Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36) | ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7) |
| | | ☐ Modification of Restitution Order (18 U.S.C. § 3664) |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)   One through Four of the Superseding Indictment
☐
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1951 | Interference with Commerce by Robbery | 4/08/2009 | 1 |
| 18 USC §§ 924(c)(1)(A)(ii) | Discharging a Firearm During a Crime of Violence | 4/08/2009 | 2 |
| 18 USC §§ 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | 4/13/2009 | 3 * |

        The defendant is sentenced as provided in pages 2 _____ 6 _____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  as charged in Underlying Indictment  ☐ is  X are dismissed on the motion of the United States.

X Count(s)  Four of the Superseding Indictment  X is  ☐ are dismissed pursuant to Order on Remand. *

        It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 7, 2011
_____
Date of Imposition of Judgment

_____
Signature of Judge

ROGER L. HUNT, CHIEF UNITED STATES DISTRICT JUDGE
Name and Title of Judge

November 8, 2011
_____
Date

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___2___ of ___6___

DEFENDANT:        BRIAN FIERRO
CASE NUMBER:      2:09-cr-240-RLH-RJJ

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term

**120 MONTHS as to Counts 1 and 3 *(as to each Count), each Count to run concurrently one with the other;
120 MONTHS as to Count 2, to run consecutively with Counts 1 and 3;* for a
TOTAL SENTENCE OF 240 MONTHS**

X   The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the Defendant be permitted to serve his term of incarceration in the Leavenworth, Kansas facility.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page    3    of    6

DEFENDANT:      BRIAN FIERRO
CASE NUMBER:     2:09-cr-240-RLH-RJJ

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

**3 YEARS as to Counts 1 and 3\* (each Count) and 5 YEARS as to Count 2, each Count to run concurrently, one with the other**

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

X     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

X     The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐     The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release
Case 2:09-cr-00240-KJD-RAL   Document 94   Filed 11/08/11   Page 4 of 11
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page    4    of    6

DEFENDANT:        BRIAN FIERRO
CASE NUMBER:      2:09-cr-240-RLH-RJJ

## SPECIAL CONDITIONS OF SUPERVISION

1)  The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by Federal, state or local law.

2)  The defendant shall submit to the search of his person, property, or automobile under his control by the Probation Officer, or any other authorized person under the immediate and personal supervision of the Probation Officer without a search warrant to ensure compliance with all conditions of release.

3)  The defendant shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office.  The defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment.  Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon his ability to pay.

4)  The defendant shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office.  The defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon his ability to pay.

5)  The defendant shall participate in and successfully complete a cognitive-based life skills program as approved and directed by the probation officer.

6)  The defendant shall participate in and successfully complete an offender employment development training program as approved and directed by the probation officer.

*Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.*

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __5__ of __6__

DEFENDANT:          BRIAN FIERRO
CASE NUMBER:        2:09-cr-240-RLH-RJJ

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ Waived | $ 395.00 |

☐   The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case* (AO 245C) will be
entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise
in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid
before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Lucky Nickel Saloon<br>2075 Palm Street, Ste. A<br>Las Vegas, NV 89104 | | $395.00 | |

| **TOTALS** | $ _____ | $ _____ |
|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject
to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐   the interest requirement is waived for   ☐  fine   ☐  restitution.

☐   the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or
after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case        Case 2:09-cr-00240-KJD-PAL   Document 94   Filed 11/08/11   Page 6 of 11

Sheet 6 — Schedule of Payments                                              (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   6   of   6  

DEFENDANT:     BRIAN FIERRO
CASE NUMBER:   2:09-cr-240-RLH-RJJ

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   X    Lump sum payment of $   795.00   due immediately, balance due

        ☐   not later than               , or

        ☐   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal        (e.g., weekly, monthly, quarterly) installments of  $        over a period of

                 (e.g., months or years), to commence        (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal        (e.g., weekly, monthly, quarterly) installments of  $        over a period of

                 (e.g., months or years), to commence        (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within        (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
     *(See Attached Preliminary and Final Order of Forfeiture)*

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-CR-240-RLH (RJJ) |
| | ) | |
| BRIAN FIERRO, | ) | |
| | ) | |
| Defendant. | ) | |

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on November 4, 2009, defendant BRIAN FIERRO was found guilty of Counts One, Two, Three, and Four of a Four Count Superseding Criminal Indictment charging him in Count One with Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951; in Count Two with Discharging a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and in Counts Three and Four with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

AND WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(1), this Court finds that the United States of America has shown a nexus between property set forth in the Forfeiture Allegation of the Superseding Criminal Indictment and the offenses of which BRIAN FIERRO was found guilty.

AND WHEREAS, the following is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) :

(a)     Sturm Ruger Model Security Six .357 magnum revolver, serial # 159-69436; and

(b)     any and all ammunition.

AND WHEREAS, by virtue of the guilty verdict, the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all right, title, and interest of BRIAN FIERRO in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America shall publish at least once a week for three successive weeks in a newspaper of general circulation, notice of this Order, notice of intent to dispose of the property in such a manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. A copy of the petition shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

        Daniel D. Hollingsworth
        Assistant United States Attorney
        Michael A. Humphreys
        Assistant United States Attorney
        Lloyd D. George United States Courthouse
        333 Las Vegas Boulevard South, Suite 5000
        Las Vegas, Nevada 89101.

. . .

2

The notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described asset.

DATED this ___13th___ day of _____November_____, 2009.

_____

UNITED STATES DISTRICT JUDGE

3

PROOF OF SERVICE

I, Alexandra M. McWhorter, certify that the following individual was served with a copy of

the Preliminary Order of Forfeiture on November 12, 2009 by the below identified method of service:

E-mail/ECF

William C. Carrico
Federal Public Defender
411 E. Bonneville
Suite 250
Las Vegas, NV 89101
Email: ECF_Vegas@FD.ORG
*Counsel for Defendant*

    /s/ AlexandraMMcWhorter
ALEXANDRA M. MCWHORTER
Forfeiture Support Associate Paralegal

```
          ┌─────────────────────────────────┐
          │ ✓ FILED          ___ RECEIVED   │
          │   ENTERED        ___ SERVED ON   │
          │        COUNSEL/PARTIES OF RECORD │
          │  ┌───────────────────────────┐  │
          │  │                           │  │
          │  │     FEB 19 2010           │  │
          │  │                           │  │
          │  └───────────────────────────┘  │
          │      CLERK US DISTRICT COURT     │
          │       DISTRICT OF NEVADA         │
          │ BY: _____ DEPUTY   │
          └─────────────────────────────────┘
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
       v.                       )        2:09-CR-240-RLH(RJJ)
                                )
BRIAN FIERRO,                   )
                                )
            Defendant.          )
_____)

### FINAL ORDER OF FORFEITURE AS TO
### DEFENDANT BRIAN FIERRO

WHEREAS, on November 13, 2009, this Court entered a Preliminary Order of Forfeiture

pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) forfeiting certain property of Defendant

BRIAN FIERRO to the United States of America;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED pursuant to Fed. R. Crim. P

32.2(b)(4)(A) and (B) that the forfeiture of the property named in the Preliminary Order of Forfeiture

is final as to Defendant BRIAN FIERRO.

DATED this 19 day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE