UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Respondent,

v.

BRIAN FIERRO,

Petitioner.

Case No. 2:09-cr-0240-KJD-PAL
2:17-cv-0742-KJD

ORDER

Presently before the Court is Petitioner Brian Fierro's Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255 (#124/139). The Government filed responses in

opposition and supplements (#126/141) to which Petitioner replied (#133/142). Also, before the

Court is Petitioner's Motion for Leave to File First Amended Motion to Vacate, Set Aside, or

Correct Conviction and Sentence under § 2255 (#137). Respondent filed a response in opposition

(#139) to which Petitioner replied (#142

I. Background

Fierro was found guilty after a jury trial on four counts of a superseding indictment. After

appeal, the court entered Second Amended Judgment (#94) on : (1) Count One -- Interference

with commerce by robbery (Hobbs Act Robbery); and (3) Count Two -- discharging a firearm

during and in relation to a crime of violence under 18 U.S.C. § 924(c), specifically the

interference with commerce by robbery charged in Count One of the superseding indictment; and

(3) Count Three – felon in possession of a firearm. The court sentenced Fierro to one hundred

and twenty (120) months imprisonment on Count One and Three each, to run concurrently. It

sentenced Fierro to one hundred and twenty (120) months imprisonment on Count Two to be

served consecutively to Counts One and Three, followed by five years of supervised release. In

the instant motion, Fierro moves to vacate his § 924(c) conviction and sentence pursuant to

1    Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319,

2    2336 (2019) , and requests that the court vacate his conviction.

3    II. Motion to Amend

4      Petitioner has also filed a motion for leave to amend his petition wishing to assert claims

5    for relief under Rehaif v. United States, 139 S. Ct. 2191 (2019). The Rehaif claims would

6    address his felon in possession of a firearm conviction, not otherwise at issue in the current §

7    2255. The present motion is a second or third successive petition and was filed after receiving

8    permission (#123) from the Ninth Circuit Court of Appeals to address claims found to be

9    retroactive in cases on collateral review. The Order (#123) from the Ninth Circuit did not grant

10   permission to raise other claims. Further, Rehaif has not been found to apply retroactively to

11   cases on collateral review. See, e,g,, In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (Rehaif

12   "did not announce a new rule of constitutional law") (internal quotations omitted). At best, the

13   Rehaif claim is premature. Accordingly, the Court denies Petitioner's leave to amend.

14   III. Analysis

15     A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was

16   imposed in violation of the Constitution." 28 U.S.C. § 2255(a). When a petitioner seeks relief

17   pursuant to a right recognized by a United States Supreme Court decision, a one-year statute of

18   limitations for seeking habeas relief runs from "the date on which the right asserted was initially

19   recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The petitioner bears the burden of

20   demonstrating that his petition is timely and that he is entitled to relief.

21     In Johnson, the United States Supreme Court held that the residual clause in the

22   definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. §

23   924(e)(2)(B) ("ACCA"), is unconstitutionally vague. 135 S. Ct. at 2557. The ACCA defines

24   "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

25   (i) has as an element the use, attempted use, or threatened use of physical force against the

26   person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise

27   involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. §

28   924(e)(2)(B). Subsection (ii) above is known as the ACCA's "residual clause." Johnson, 135 S.

1 Ct. at 2555-56. The Supreme Court held that "increasing a defendant's sentence under the clause

2 denies due process of law." Id. at 2557.

3      Fierro was not, however, sentenced pursuant to ACCA. Rather, he was convicted of

4 violating 18 U.S.C. § 924(c) for discharging a firearm during and in relation to a crime of

5 violence. Section 924(c)(3) provides:

6         the term "crime of violence" means an offense that is a felony and–

7         (A) has as an element the use, attempted use, or threatened use of
physical force against the person or property of another, or

8

9         (B) that by its nature, involves a substantial risk that physical force
against the person or property of another may be used in the course
of committing the offense.

10

11 As with the ACCA, subsection (A) is referred to as the force or elements clause while subsection

12 (B) is referenced as the residual clause. Fierro argues that <u>Johnson</u> is equally applicable to §

13 924(c) cases and that his instant motion is timely as it was filed within one year of <u>Johnson</u>.

14 Additionally, the Supreme Court has subsequently applied the principles first outlined in <u>Johnson</u>

15 to the residual clause of § 924(c), holding "that § 924(c)(3)(B) is unconstitutionally vague."

16 <u>Davis</u>, 139 S. Ct. at 2336. Accordingly, the Court will now consider the motion as timely given

17 the Supreme Court's decision in <u>Davis</u>, extending the principles of <u>Johnson</u> to § 924(c), and will

18 treat the motion as if filed seeking relief pursuant to <u>Davis</u>. Further, Defendant received

19 permission from the Court of Appeals to file this second or successive § 2255 motion (#123).

20      <u>A. Hobbs Act Robbery</u>

21      Fierro asserts that his conviction is not subject to the provisions of § 924(c)(3) because

22 the crime (Hobbs Act Robbery) underlying his 924(c) conviction does not constitute a "crime of

23 violence." He argues that his § 924(c) conviction and sentence is unconstitutional under <u>Davis</u>

24 because a Hobbs Act Robbery cannot constitute a crime of violence without relying on the

25 unconstitutional residual clause. The court disagrees.

26      Fierro argues that a Hobbs Act Robbery cannot categorically fall under the force or

27 elements clause of § 924(c)(3)(A) because a Hobbs Act Robbery can be committed by any

28 amount of force necessary to accomplish the taking, it does not necessarily require the use of

violent force. Prior to the Supreme Court's holding in <u>Davis</u>, the Ninth Circuit held that Hobbs

Act "[r]obbery indisputably qualifies as a crime of violence" under § 924(c). <u>United States v.</u>

<u>Mendez</u>, 992 F.2d 1488, 1491 (9th Cir. 1993). In 2016, the Ninth Circuit was confronted with

essentially the same argument that Fierro raises here, that "because Hobbs Act Robbery may also

be accomplished by putting someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not

necessarily involve 'the use, attempted use, or threatened use of physical force,' 18 U.S.C. §

924(c)(3)(A)." <u>United States v. Howard</u>, 650 Fed App'x. 466, 468 (9th Cir. 2016). The Ninth

Circuit held that Hobbs Act Robbery nonetheless qualified as a crime of violence under the force

clause:

> [Petitioner's] arguments are unpersuasive and are foreclosed by <u>United States v. Selfa</u>, 918 F.2d 749 (9th Cir. 1990). In <u>Selfa</u>, we held that the analogous federal bank robbery statute, which may be violated by "force and violence, or by intimidation," 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of "crime of violence" as § 924(c). <u>Selfa</u>, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," which satisfies the requirement of a "threatened use of physical force" under § 4B1.2. <u>Id.</u> (quoting <u>United States v. Hopkins</u>, 703 F.2d 1102, 1103 (9th Cir. 1983)). Because bank robbery by "intimidation"—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as [a] crime of violence.

<u>Id.</u>

The Court holds that a Hobbs Act Robbery constitutes a crime of violence under §

924(c)(3)'s force clause. Under the elements set forth in the language of § 1951, Fierro's

underlying felony offense (Hobbs Act Robbery) is a "crime of violence" because the offense has,

"as an element the use, attempted use, or threatened use of physical force against the person or

property of another." 18 U.S.C. § 924(c)(3)(A); <u>see</u> also <u>United States v. Jay</u>, 705 F. App'x 587

(9th Cir. 2017) (*unpublished*) (finding Hobbs Act Robbery a crime of violence).  <u>Davis</u> is

inapplicable here because Fierro's conviction and sentence do not rest on the residual clause of §

924(c). The Court sees no reason to depart from the well-reasoned cases of nine other circuit

courts of appeals that have found Hobbs Act Robbery to be a crime of violence after <u>Johnson</u>.

See United States v. Garcia-Ortiz, 904 F.3d 102, 106 (1st Cir. 2018); United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Mathis, 932 F.3d 242, 265-67 (4th Cir. 2019); United States v. Buck, 847 F.3d 267, 274–75 (5th Cir. 2017); United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017); United States v. Fox, 878 F.3d 574, 579 (7th Cir. 2017); United States v. Fierro, 919 F.3d 1064, 1072 (8th Cir. 2019); United States v. Melgar-Cabrera, 892 F.3d 1053, 1064-6 (10th Cir. 2018); In re Pollard, 931 F.3d 1318 (11th Cir. 2019).

As the Supreme Court found in Stokeling v. United States, 139 S. Ct. 544, 553 (2019), "Robbery . . . has always been within the category of violent, active crimes" that merit enhanced penalties under statutes like 924(c). As stated by the Supreme Court "Congress made clear that the 'force' required for common-law robbery would be sufficient to justify an enhanced sentence." Id. at 551. Like the statute in Florida, Hobbs Act Robbery is "defined as common-law robbery." United States v. Melgar-Cabrera, 892 F.3d 1053, 1064. Section 924(c) includes crimes that involve "physical force." 18 U.S.C. § 924(c)(3)(A). Stokeling forecloses Petitioner's argument that the "force" required for Hobbs Act Robbery does not meet the standard set by 18 U.S.C. § 924(c)(3)(A).

Defendant argues that Hobbs Act Robbery fails to constitute a crime of violence under the elements clause because it does not categorically require the use of intentional force against the person or property of another, but instead, can be committed by causing fear of future injury to property, tangible or intangible. However, "[a] defendant cannot put a reasonable person in fear" of injury to their person or property without "threatening to use force." United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017). "[Robbery] by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary" to satisfy the requirements of the elements clause. Id.; see also Estell v. United States, 924 F.3d 1291,1293 (8th Cir. 2019) (bank robbery by intimidation requires threatened use of force causing bodily harm). Like the court in Mathis, this Court sees no reason to discern any basis in the text of elements clause for creating a distinction between threats of injury to tangible and intangible property for the purposes of defining a crime of violence. 932 F.3d at 266. Therefore, Hobbs Act Robbery constitutes a crime of violence under the elements clause of Section 924(c).

III. Certificate of Appealability

To appeal this order, Fierro must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1 (a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotation omitted). This standard is "lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Given contrary holdings in other district courts in the Ninth Circuit, the Court cannot deny that other reasonable jurists would find it debatable that the Court's determination that Hobbs Act Robbery is a crime of violence pursuant to the force clause of § 924(c) is wrong. See United States v. Chea, No. 4:98-cr-40003-CW, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019); United States v. Dominguez, No. 14-10268 (9th Cir. argued Dec. 10, 2019). Accordingly, the court grants Defendant a certificate of appealability.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED Petitioner's Motion for Leave to File First Amended Motion to Vacate, Set Aside, or Correct Conviction and Sentence under § 2255 (#137) is **DENIED**;

IT IS FURTHER ORDERED that Petitioner Brian Fierro's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#124/139) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Petitioner in the corresponding civil action, 2:17-cv-0742-KJD, and close that case;

///

///

///

///

1    IT IS FURTHER ORDERED that Petitioner is **GRANTED** a Certificate of

2    Appealability.

3        DATED this 31st day of March 2020.

Kent J. Dawson
United States District Judge