UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-cr-00240-KJD-PAL |
| Plaintiff, | ORDER |
| v. | |
| BRIAN FIERRO, | |
| Defendant. | |

Presently before the Court is Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i) (#153). The Government filed a response in opposition (#158) to Which Defendant replied (#161). Defendant has since filed nine supplements (#162/164/168/169/172/173/176/177/178). Additionally, good cause being found, the Motions to Seal (#159/174) are **GRANTED**.

I. Background

Defendant is serving a 240-month sentence based on convictions for: one count of Hobbs Act robbery (18 U.S.C. § 1951); one count of discharging a firearm during a crime of violence (18 U.S.C. § 924(c)); and two counts of unlawful possession of a firearm by a felon (18 U.S.C. § 922(g)). His projected release date is July 13, 2026.

Defendant is sixty (60) years old. He suffers from several chronic maladies. At issue presently, Defendant has well-controlled Type II diabetes and hypertension. It also appears that he has undergone successful treatment for Hepatitis C, though no determination has been made regarding whether he has suffered any organ damage. He also alleges that he is in need of spinal fusion surgery, treatment or further diagnosis of a heart condition and an undiagnosed malady that caused him to faint twice in 2020. He has since received both an ECG and MRI. Defendant's records show that medical personnel did not believe the findings of those procedures required follow-up.

On or about March 23, 2020, Defendant applied to the warden of his institution for compassionate release based on his diabetes, high blood pressure, high cholesterol and herniated disk. Defendant also noted the many classes and workshops that he has attended and received certificates for completing while incarcerated. The Government concedes that Defendant has exhausted his administrative remedies on his initial motion. While Defendant's application to the warden fails to mention Covid-19, given its timing and Defendant's mention of his relevant health conditions, diabetes and high blood pressure, the Court liberally construes the document as requesting compassionate release due to the threats posed to him by Covid-19.

Defendant had received both doses of the Moderna vaccine by February 9, 2021. However, on or about August 18, 2021, Defendant tested positive for Covid-19 and was moved to isolation (a term used to describe segregation from non-positive inmates) (in segregation he was housed with all other inmates that had tested positive). He was seen every day by medical staff and other than reporting a sore throat the first day, he appears to have remained asymptomatic the rest of his isolation. He never ran a fever and his oxygen saturation levels remained excellent. During the peaks of the Delta and Omicron variants, FCI Sheridan suffered outbreaks of Covid-19 and currently reports 74 inmate infections. However, Sheridan has never reported more than 2 inmate deaths total, likely attributable to the widespread, almost universal, vaccination of the inmates. It is undisputed that full vaccination is the most important factor in preventing death or hospitalization from the effects of Covid.[1] The Court has not been informed whether Defendant has had the Covid booster or been offered one. The Bureau of Prisons' policy states that it offers the boosters to inmates based on CDC guidance which would certainly put Defendant in the category of inmates who should receive a booster.

After the warden failed to respond to Defendant's administrative request for compassionate release within thirty (30) days, Defendant filed the present motion seeking an order reducing his sentence to time served for the armed robbery in which he shot an innocent bystander.

---

[1] See COVID Data Tracker, CTRS. FOR DISEASE CONTROL & PREVENTION, https://covid.cdc.gov/covid-data-tracker (last accessed Feb. 15, 2022).

II. Analysis

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also* Dillon v. United States, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons (BOP), acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). See United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, to directly ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statements identify categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statements, however, only apply to motions under § 3582(c)(1)(A) filed by the BOP Director on behalf of a defendant. See Aruda, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion ..., but they are not binding." Id.  As a result, a district court may consider any extraordinary and compelling

reason for release that a defendant raises. Id. The risk of contracting COVID-19 in federal prison generally does not constitute an extraordinary and compelling reason to reduce a defendant's sentence, although a district court must still consider a defendant's specific medical and physical conditions.

Here, the Court cannot find that Defendant's medical conditions are extraordinary and compelling reasons warranting a sentence reduction. While diabetes does put Defendant at risk that risk is no higher than other patients with diabetes nationwide. Defendant's medical records disclose that his condition is considered well-controlled. See Exhibit N, Doc. No. 174-1, p. 44-46. Further, Defendant has had at least two doses of the Moderna Covid-19 vaccine. Additionally, Defendant has natural antibodies from his August 2021 covid infection. Defendant appears to have been completely asymptomatic during that infection. Daily vitals taken during his isolation show that Defendant's oxygen levels remained excellent.

The Ninth Circuit has made clear that pre-existing medical conditions that add an increased risk of complications from COVID-19 do not necessarily present "extraordinary and compelling" circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19.[2] See United States v. Higgins, 849 F. App'x 215 (9th Cir. 2021); United States v. Dixon, 848 F. App'x 332 (9th Cir. 2021); United States v. Alvarado, 841 F. App'x 31 (9th Cir. 2021); United States v. Wheeler, 837 F. App'x 542 (9th Cir. 2021); United States v. Gipson, 829 F. App'x 780 (9th Cir. 2020); and United States v. Mortensen, 822 F. App'x 634 (9th Cir. 2020).

Additionally, the Seventh Circuit recently stated:

> But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

---

[2] During the recent Omicron surge, FCI Sheridan saw record levels of infection. However, the surge affected all parts of the United States and Sheridan's increase was not extraordinary compared to the rest of the country.

1  United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021). Further, "the current phase of the
2  pandemic is one in which the virus is circulating so widely that [Defendant] cannot reasonably
3  expect to avoid coming into contact with COVID-19 outside of custody." United States v. Rossi,
4  2022 WL 395001 at *3, 2:16-cr-00262-JAD-PAL-2 (D. Nev. February 9, 2022).

5        Finally, Defendant complains that he has not received adequate care based on the results
6  of his ECG and MRI. However, as already stated by the Court, the medical records show that
7  medical personnel did not believe that the tests required further follow-up. Defendant must
8  follow the BOP's administrative rules for seeking additional medical care or appealing the
9  medical decisions. Neither of these issues were presented in Defendant's administrative request
10 for compassionate release and the Court declines to address them now. See Rossi, 2022 WL
11 395011 at *2 (citing Sims v. Apfel, 530 U.S. 103, 108 (2000) (holding that when an
12 administrative regulation imposes a requirement of issue exhaustion, courts "reviewing agency
13 action regularly ensure against the bypassing of that requirement be refusing to consider
14 unexhausted issues); see also United States v. Baye, 464 F. Supp. 3d 1178, 1185 (D. Nev.
15 2020) ("exhaustion under § 3582(c)(1)(A) requires a defendant to specify each extraordinary or
16 compelling circumstance he intends to rely on in a motion for compassionate release").

17       Even if extraordinary and compelling reasons existed, which they do not, reducing
18 Defendant's sentence to time-served would undermine the sentencing factors under 18 U.S.C. §
19 3553(a). Defendant's crime was serious and extremely violent. In the process of robbing a
20 casino, he shot an innocent bystander who had unwittingly walked up behind him. This was his
21 fourth felony. One of his prior felonies involved discharging a firearm in a commercial
22 establishment. His chronic disregard for the law justified his lengthy sentence which afforded
23 adequate deterrence and protected the public. Accordingly, even if the Court found that
24 extraordinary and compelling circumstances existed, it would still find that the sentencing factors
25 counsel against a sentence reduction. Therefore, Defendant's motion is denied.
26 ///
27 ///
28 ///

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release Under 8 U.S.C. § 3582(c)(1)(A)(i) (#153) is **DENIED**;

IT IS FURTHER ORDERED that the Motions to Seal (#159/174) are **GRANTED**.

Dated this 16th day of February, 2022.

                                          _____
                                          Kent J. Dawson
                                          United States District Judge