UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:09-cr-00240-KJD-PAL |
|---|---|
| Plaintiff, | **ORDER – Denying Motion for Sentence Reduction** |
| v. | |
| BRIAN FIERRO, | |
| Defendant. | |

Presently before the Court is Defendant's pro se Motion for Sentence Reduction Under Amendment 782 of 18 U.S.C. 3582(c) (#188). The Government filed a response in opposition. (#191). For the reasons stated below, Defendant's motion is denied.

I.      Factual and Procedural Background

On November 4, 2009, a jury found Brian Fierro guilty of interference with commerce by robbery, in violation of 18 U.S.C. § 1951, discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On February 19, 2010, Fierro was sentenced to two hundred forty (240) months' imprisonment, followed by sixty (60) months of supervised release. (#72). Fierro appealed his conviction on February 25, 2010 (#75), and the Ninth Circuit affirmed in part and vacated and remanded in part, directing the Court to "amend the judgment to omit one of Fierro's multiplicitous §922(g) convictions." (#90, at 5). The Court complied and issued an amended judgment on November 8, 2011, imposing the same sentence—two hundred forty (240) months' imprisonment. (#94).

Previously, Fierro moved for a sentence reduction, arguing that his health conditions "exacerbated by the COVID-19 pandemic," constitute extraordinary and compelling reasons warranting release from prison. (#153, at 7). The Court denied Fierro's motion because Fierro's medical conditions did not constitute extraordinary and compelling reasons warranting a sentence reduction. (#179, at 4). Furthermore, the Court went on to hold that even if extraordinary and compelling reasons existed, reducing Defendant's sentence to time-served

would undermine the sentencing factors under 18 U.S.C. § 3553(a). Id. at 5. Fierro now brings this second motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (#188).

II.     Legal Standard

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, allows certain inmates to seek a modification of his or her imposed term of imprisonment. Specifically, § 3582(c)(1)(A) provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U. 3582(c)(1)(A), (c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must find "extraordinary and compelling reasons" warranting such a reduction and that such a reduction is consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. Id. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. See United States v. Wright, 46 F.4th 938, 951 (9th Cir. 2022) (explaining it is the "[defendant's] burden to establish his eligibility for compassionate release").

Under U.S.S.G. § 1B1.13(b), extraordinary and compelling reasons exist under any of the following circumstances or combination thereof: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other

reasons; or (6) an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)-(6). The Court begins by examining whether an extraordinary and compelling reason exists to warrant a reduction in Fierro's sentence.

III.     Analysis

Liberally construed, Defendant's motion argues that the conditions of his incarceration, specifically during the COVID-19 pandemic, constitute extraordinary and compelling reasons to warrant a reduction in sentence. (#188, at 1-3). Furthermore, he argues that the applicable § 3553(a) factors warrant a reduction. Id. at 4. The Court disagrees.

The sole basis for Defendant's motion is that the conditions of his confinement during the COVID-19 pandemic have "resulted in a sentence that was more severe than the Court could have contemplated when it originally sentenced him." Id. at 1. Here, Fierro's arguments are entirely frivolous. First, the Court doesn't attempt to predict whether a global pandemic might impact a defendant's time while incarcerated and then adjust the sentence accordingly. Without more, general prison conditions related to COVID-19 are not sufficient to reduce Defendant's sentence. United States v. Willis, 663 F. Supp. 3d 1203, 1210 (D. Or. 2023).

Second, even if prison conditions alone were deemed an extraordinary and compelling reason, which they are not, reducing Defendant's sentence is not warranted under the applicable § 3553(a) factors. As stated in the Court's previous Order (#179, at 5), and reiterated again here, Defendant's crime was serious and extremely violent. While robbing a casino, Fierro shot an innocent bystander who had unwittingly walked up behind him. This was his fourth felony, and it wasn't the only one involving a firearm. One of his prior felonies involved discharging a firearm in a commercial establishment. Fierro's chronic disregard for the law justified his lengthy sentence which afforded adequate deterrence and protected the public. Accordingly, the Court finds that the applicable § 3553(a) factors weigh against a sentence reduction.

//
//
//
//

IV.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Under Amendment 782 of 18 U.S.C. 3582(c) (#188) is **DENIED**.

Dated this 9th day of May 2024.

_____
Kent J. Dawson
United States District Judge